AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
LUIS ANDREAS NAVA

Defendant(s)

Case No. 8:17-MJ-1305-T-AAS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 25, 2017 in the county of Hillsborough in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | llegal reentry into the United States after deportation |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Raymond W. Covert, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 27, 2017

[signature]
*Judge's signature*

City and state: Tampa, Florida

AMANDA A. SANSONE, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Special Agent Raymond W. Covert, make the following statement under oath:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Department of Homeland Security, and have been so for 15 years. I am the case agent in the investigation of Luis Andreas Nava ("Nava").

2. In my capacity as a Special Agent, I am charged with enforcing both administrative and criminal sections of United States immigration laws. I am a federal law-enforcement officer with the authority to execute arrest warrants and search warrants under the authority of the United States.

3. This affidavit is in support of a criminal complaint. The statements contained in this affidavit are based on my personal experiences and observations as well as those of other agents. This affidavit does not contain every fact regarding the investigation, but does document the probable cause to charge Nava, a citizen and national of Mexico who is illegally present in the United States, with illegal reentry into the United States after deportation, in violation of Title 8, United States Code, Section 1326(a).

4. I submit only those facts believed to be relevant to the determination of probable cause. This affidavit should not be construed as a complete statement of all the facts of the investigation.

## FACTS AND CIRCUMSTANCES

5. On April 25, 2017, a Bradenton Police Department ("BPD") detective and I witnessed Nava leave a duplex located at 214 60th Avenue Drive West, Bradenton, Florida, which is in the Middle District of Florida. I easily identified Nava because he was shirtless. Nava had a distinct cross tattoo, which was photographed during a prior arrest.

6. Later that day, law enforcement observed a car arrive at the above-noted duplex and pick up Nava. Law-enforcement officers stopped the car because of Nava's illegal presence in the country. During the traffic stop, Nava provided his true name and was taken into custody.

7. Nava was transported to HSI's Bradenton office. Nava was read his Miranda rights and stated that he was willing to talk. Nava admitted that he is a citizen of Mexico without any documentation to be legally in the United States. He admitted that he had entered the United States of his own free will. Specifically, he said that he had paid his cousin $2500 to smuggle him into the United States.

8. Law-enforcement officers have arrested Nava in the United States on several occasions. Through information that they gathered from those investigations, I was able to input various personal identifying information of Nava's into reliable law-enforcement databases and also obtain Nava's Alien file. These sources showed that Nava was a citizen and native of Mexico, who had been previously removed from the United States on August 12, 2008, February 3, 2010, August 24, 2012, and August 28, 2012. They also showed that Nava had not applied to reenter the United States, and had not obtained permission to apply for admission to the United States.

Had Nava made such an application or received such permission, there would have been a record of it in the sources I consulted.

9. Nava's fingerprints were taken and put into the IAFIS and IDENT databases. Both databases are reliable and both came back with positive results. The IDENT system showed positive matches between Nava's recent prints and his fingerprints taken at the time of his previous removals. The IAFIS system showed his criminal history, which included a pending DUI charge in Texas.

10. Based on the above facts, there is probable cause to believe Luis Andreas NAVA is an illegal alien found to be voluntarily in the United States, without having received the consent of the Secretary for the Department of Homeland Security to re-apply for admission after his prior removal, in violation of Title 8, United States Code, Section 1326(a).

Raymond W. Covert
Special Agent, HSI

Signed and Sworn before me on this 27th day of April, in Tampa, Florida.

Amanda Arnold Sansone
United States Magistrate Judge